**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

<table>
<tr><td>CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE</td><td>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812</td></tr>
</table>

January 8, 2013

LETTER TO COUNSEL:

RE:   *Sherron Rockelli v. Commissioner, Social Security Administration*;
Civil No. SAG-10-2670

Dear Counsel:

On September 27, 2010, the Plaintiff, Sherron Rockelli, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Rockelli filed her claim on July 27, 2007, alleging disability beginning on August 6, 2006. (Tr. 135-38). Her claim was denied initially on December 12, 2007, and on reconsideration on March 21, 2008. (Tr. 96-99, 101-02). Hearings were held on February 25, 2009 and July 14, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 29-63, 79-84). Following the hearings, on August 18, 2009, the ALJ determined that Ms. Rockelli was not disabled during the relevant time frame. (Tr. 9-28). The Appeals Council denied Ms. Rockelli's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Rockelli suffered from the severe impairments of osteoarthritis, degenerative disc disease, fibromyalgia, central auditory processing deficit, and obesity. (Tr. 15). Despite these impairments, the ALJ determined that Ms. Rockelli retained the residual functional capacity ("RFC") to:

perform medium work as defined in 20 CFR 404.1567(c) except that she could lift 50 pounds occasionally, 25 pounds frequently, sit for 6 hours, stand or walk for 6 hours, occasionally climbing a ramp or stairs, balancing, kneeling, crouching, crawling and stooping but never climbing a ladder, rope or scaffold, avoiding concentrated exposure to noise and hazards and work that does not required [sic] more than a small amount of telephone use or public speeches or talking with co-workers all day.

*Sherron Rockelli v. Commissioner, Social Security Administration*
Civil No. SAG-10-2670
January 8, 2013
Page 2

(Tr. 21).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Rockelli could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame.  (Tr. 27).

Ms. Rockelli raises five issues on appeal: that the ALJ erroneously gave "great weight" to the opinions of two sources whose opinions do not support the RFC; that the RFC did not include her hand impairment; that the RFC did not include her hearing impairment; that the ALJ failed to follow the treating physician rule; and that the ALJ applied an improper standard in assessing her credibility.  After a careful review of the ALJ's opinion and the evidence of record, I find that Ms. Rockelli's arguments lack merit.

Ms. Rockelli argues that the ALJ's assignment of "great weight" to the opinions of two state agency physicians was erroneous because neither opinion supported the RFC.  Specifically, Ms. Rockelli complains that neither Dr. Moore nor Dr. Biddison evaluated the entire range of her impairments, and that neither doctor's suggested RFC is as restrictive as the RFC adopted by the ALJ.  Pl. Mot. 7.  It is entirely logical, however, that in considering the full range of impairments, the ALJ would impose additional limitations in the RFC that may not have been considered by individual evaluating physicians at various points in time.  Moreover, there is no obligation to adopt, without alteration, any opinion to which "great weight" is afforded.  *See Kozel v. Astrue*, No. JKS-10-2180, 2012 WL 2951554, *5 (D. Md. July 18, 2012) ("When evaluating medical opinion evidence, the ALJ need not accept or reject an opinion in full.").  Here, the ALJ fulfilled her obligation not just to parrot any particular medical opinion, but to consider the entire record and to impose whatever restrictions appropriately reflect Ms. Rockelli's RFC.

Ms. Rockelli's second argument is that the ALJ's RFC did not include her hand impairment.  However, the ALJ's opinion cites to evidence showing that Ms. Rockelli's grip strength was normal, and which was further supported by "imaging studies of the claimant's hands and cervical spine noting mild degenerative changes."  (Tr. 23, citing Exhibits 6F and 12F).  Most of the evidence of hand-related limitations came (1) from claimant's subjective complaints, which, for the reasons addressed below, were determined by the ALJ not to be credible, and (2) from the report of Dr. Rothenberg which, for the reasons addressed below, was afforded little weight.  As a result, the ALJ's determination not to include hand-related limitations in the RFC was supported by substantial evidence.

Third, Ms. Rockelli argued that the ALJ failed to properly evaluate her hearing impairment for the purposes of her RFC.  The ALJ's opinion contains an extensive summary of Ms. Rockelli's testimony about her hearing impairment, (Tr. 23-24), and of the two examinations relating to her ability to hear. (Tr. 24).  As addressed below, the ALJ made an adverse credibility finding, because the objective evidence of hearing impairment did not match Ms. Rockelli's description of the effect on her functioning.  *Id.*  With respect to the medical examinations, Dr. Randolph noted that Ms. Rockelli had "an excellent ability to recognize words" and that her

*Sherron Rockelli v. Commissioner, Social Security Administration*
Civil No. SAG-10-2670
January 8, 2013
Page 3


hearing aids "maximized her remaining abilities." *Id.* Dr. Lucker noted that the claimant could communicate but "needed individuals to speak slowly, clearly and facing her to provide verbal cues in an environment free from noise." *Id.* These reports constitute substantial evidence to support the ALJ's RFC, which includes specific hearing-related restrictions on both the amount of required communication and the auditory environment in which Ms. Rockelli would work. (Tr. 21).

Ms. Rockelli's fourth argument, regarding the assignment of weight to her treating physician, is also deficient. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In this case, the ALJ specifically addressed, at some length, Dr. Rothenberg's treatment notes and his opinion. (Tr. 16-19, 23-26). The ALJ found that his conclusions were inconsistent with the record, and further determined that, because of his specialty in internal medicine and rheumatology instead of orthopedics and neurology, Dr. Rothenberg "relied heavily on the claimant's subjective complaints regarding her physical impairments to guide the completion of his opinion." (Tr. 26). Given Ms. Rockelli's primary limiting impairments of osteoarthritis and hearing impairment, a specialist in the fields of orthopedics and neurology would have been better able to assess the functional restrictions imposed by those impairments. As addressed below, the ALJ also provided substantial evidence to support an adverse credibility decision, which impacted the evaluation of Dr. Rothenberg's opinion to the extent that it relied on Ms. Rockelli's subjective complaints. I am readily able to discern, from the ALJ's analysis, the reasons he chose to afford little weight to Dr. Rothenberg's opinion, and I find the ALJ's assignment of weight to be supported by substantial evidence.

Finally, Ms. Rockelli contests the ALJ's adverse credibility finding. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as fatigue. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. (Tr. 21-25). In her credibility analysis, the ALJ provided an extensive summary of Ms. Rockelli's hearing testimony. (Tr. 22-23). The ALJ continued with an extensive review of the medical findings, noting that Ms. Rockelli continued to work full time for more than a year after reporting pain that rated a "9 out of 10," and has never sought pain management or powerful pain medications. *Id.* As a result, the ALJ found that the objective evidence "fails to document the presence of any impairment or combination of impairments that could reasonably be expected to result in pain or other symptoms of such a severity or frequency as to preclude the claimant's residual functional capacity as assigned." (Tr. 23). The comprehensive analysis provided by the ALJ provides substantial evidence to support her credibility conclusion.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 17) will be

*Sherron Rockelli v. Commissioner, Social Security Administration*
Civil No. SAG-10-2670
January 8, 2013
Page 4


GRANTED.  The Clerk is directed to CLOSE this case.

        Despite the informal nature of this letter, it should be flagged as an opinion.   An implementing Order follows.


                                        Sincerely yours,


                                            /s/


                                        Stephanie A. Gallagher
                                        United States Magistrate Judge